T.C. Memo. 2004-148

UNITED STATES TAX COURT

RALPH J. AND JOAN B. MIRARCHI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6638-02.                    Filed June 22, 2004.

<u>William M. Davidow, Jr.</u>, for petitioners.

<u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Petitioner husband (petitioner) was a
general partner in a partnership.  Petitioner personally
guaranteed certain of the partnership's debts.  After the
partnership filed for bankruptcy under chapter 11, the bankruptcy
court discharged petitioner's personal liability with respect to
the partnership's debts and petitioner's personal guaranty

thereof.  The issue for decision is whether the resulting discharge of indebtedness income is excludable from petitioners' 1995 gross income pursuant to section 108.[1]  We hold that it is.[2]

## Background

The parties submitted this case fully stipulated pursuant to Rule 122.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

When petitioners filed their petition, they resided in Fallston, Maryland.

## The Partnership's Debts

At all relevant times, petitioner was a general partner in Notchcliff Associates (the partnership), a Maryland general partnership that was engaged in the business of developing a continuing care facility.

On April 9, 1985, the partnership borrowed $18 million from The Commercial Bank (the bank) for use in its business.  On that same date, petitioner and other general partners of the partnership executed a personal guaranty agreement, whereby they

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code for the taxable year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Essentially identical issues are presented in three other cases also decided today:  Chester L. Price, docket No. 6639-02; Jose Martinez, Deceased, docket No. 6641-02; and Jose and Nancy Gracia, docket No. 6642-02.

jointly and severally guaranteed this loan.  On May 29, 1987, the partnership borrowed an additional $2,956,000 from the bank.[3]

The Partnership's Bankruptcy Case

On June 30, 1988, the partnership initiated a bankruptcy case by filing a voluntary chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Maryland (the bankruptcy court).  On November 13, 1989, the bankruptcy court appointed a chapter 11 trustee (the trustee) to administer the partnership's assets and to develop an orderly liquidation and sale of the assets.

Petitioner's Contribution Agreement

The trustee negotiated with the partnership's general partners, including petitioner, to obtain some contribution from them to pay the partnership's debts.  The trustee filed a reorganization plan which, among other things, proposed a means whereby general partners of the partnership could contribute to a partnership release fund as a means of resolving the partnership's claims and other creditors' claims against its general partners.  On November 27, 1990, the bankruptcy court confirmed the plan.

Thereafter, the trustee reached a negotiated settlement with some of the general partners, including petitioner, whereby in exchange for paying agreed-upon sums to the partnership's

---

[3] The Apr. 9, 1985, personal guaranty agreement also applied to this loan.

bankruptcy estate, the contributing partners would be discharged from liability as permitted by the confirmed bankruptcy plan. Petitioner executed a contribution agreement and pursuant to its terms contributed $15,530 to the partnership's bankruptcy estate in exchange for release of claims and potential claims of all creditors against petitioner arising out of or related to the partnership.

On December 19, 1995, the bankruptcy court entered an order approving the contribution agreement. In its order, the bankruptcy court specifically discharged and released petitioner from any and all liability to the trustee and the bank arising out of or relating to the partnership, petitioner's status as a general partner in the partnership, and the April 9, 1985, personal guaranty agreement. In addition, the bankruptcy court's order released petitioner from "the claims or potential claims of all creditors" of the partnership. The bankruptcy court further ordered that petitioner "is subject to the jurisdiction of the Bankruptcy Court."

Tax Reporting

For the 1995 tax year, the partnership issued petitioner a Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., allocating to him $405,815 of discharge of indebtedness income. Petitioners excluded $380,699 of this amount from their

gross income as reported on their joint 1995 Federal income tax return.[4]

Notice of Deficiency

By notice of deficiency, respondent determined that $314,257 of the $405,815 discharged debt should be included in petitioners' 1995 income.[5]

## Discussion

Generally, discharge of indebtedness gives rise to gross income to the obligor. Sec. 61(a)(12); see Gitlitz v. Commissioner, 531 U.S. 206, 213 (2001). Section 108 provides certain exceptions to this general rule. Pursuant to one of these exceptions, income from discharge of indebtedness is excluded from gross income if "the discharge occurs in a title 11 case". Sec. 108(a)(1)(A). This provision is applied at the partner level. Sec. 108(d)(6). Consequently, the relevant question is whether petitioner's debt (as opposed to the partnership's debt) was discharged "in a title 11 case."

---

[4] Petitioners attached to their 1995 Federal income tax return Form 982, Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment) (Form 982). On the Form 982, petitioners excluded $380,699 of petitioner husband's allocable share of discharged debt pursuant to the insolvency exception provided in sec. 108(a)(1)(B) and (3). Petitioners challenge the treatment of this discharged debt only to the extent of respondent's deficiency determination set forth in the notice of deficiency.

[5] Respondent determined that petitioners were insolvent to the extent of $91,558 immediately before Notchcliff Associates' debt was discharged and that, accordingly, petitioners were entitled to exclude from gross income $91,558 of the discharged debt pursuant to sec. 108(a)(1)(B) and (3).

For purposes of section 108, a "title 11 case" is defined as "a case under title 11 of the United States Code (relating to bankruptcy), but only if the taxpayer is under the jurisdiction of the court in such case and the discharge of indebtedness is granted by the court or is pursuant to a plan approved by the court."  Sec. 108(d)(2).

The partnership's chapter 11 bankruptcy was a case under title 11 of the United States Code.  See 11 U.S.C. ch. 11 (2000). Pursuant to its December 19, 1995, order, the bankruptcy court discharged and released petitioner from all liability to the trustee, the bank, and all other creditors that might have claims arising from or relating to the partnership, petitioner's status as a general partner in the partnership, and the April 9, 1985, personal guaranty agreement.  In the same order, the bankruptcy court explicitly asserted its jurisdiction over petitioner for this purpose. Giving due regard to principles of judicial comity, we discern no reason to second-guess the bankruptcy court's assertion of jurisdiction over petitioner in the partnership's chapter 11 bankruptcy case.  See 28 U.S.C. secs. 151, 157, 1334 (2000).

We conclude that petitioner's debts in question were discharged "in a title 11 case" within the meaning of section 108(d)(2).  Accordingly, we hold that petitioner's discharge of

indebtedness income is excludable from gross income pursuant to section 108(a)(1)(A).[6]

We have considered all arguments raised by the parties. Arguments not addressed herein are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for petitioners</u>.

---

[6] In their prayer for relief, petitioners requested the Court to redetermine their deficiency. Petitioners have not requested the Court to determine the existence of any overpayment resulting from their inclusion of $25,116 of discharge of indebtedness in gross income. We deem petitioners to have waived any claim to any overpayment. See Rule 34(b)(6); <u>Horn v. Commissioner</u>, 90 T.C. 908, 944 (1988).